## JAMES DYER v. BENJAMIN FARROW.

High Court of Errors and Appeals. October 24, 1821.

*Ridgely's Notebook III, 534.*

*Hall* for the plaintiff in error. *H. M. Ridgely* for defendant, plaintiff below.

This case comes up to this Court on a bill of exceptions taken to the opinion of the court below, on a question of due diligence on an assignment. The court below was of opinion that due diligence was a question of fact to be determined by the jury; and that is now the question before this Court. The Chief Justice in the charge to the jury declared "that it was incumbent on the plaintiff on taking an assignment of the due bill aforesaid, to use due diligence for the collection of it; that what was due diligence was not a question of law, but a question of fact to be determined by the jury under all the circumstances of the

case; and if the jury considered that the plaintiff had used due diligence for the collection of said due bill, and failed, they then ought to find for the plaintiff; but if they considered that the plaintiff had not used due diligence for collecting said due bill, they then ought to find for the defendant." There were four errors assigned: First, that the court had determined that what was due diligence was a question of fact. Second, that Farrow, the plaintiff below, had not used due diligence in proceeding on the obligation assigned to him by Dyer; and that the court ought so to have charged the jury. Third, that the court left to the jury for their determination unassisted by the opinion of the court, a question upon which the court should have delivered their opinion to the jury. Fourth, that the charge delivered by the court to the jury is erroneous, and not according to the law of the land.

*Mr. Hall* for plaintiff in error. If court ought to have delivered an opinion to the jury on the question before them, there is error, for they refused to deliver any opinion to the jury. If it was a question of pure fact, the court was right; but if it was a question of law, or a mixed question of law and fact the determination of the court below was wrong. He cites *Rumsey and Broom v. Lofland* in Court of Common Pleas. *Cummins and Kennard v. Solomon Smith* in Supreme Court. In these cases the courts gave an opinion and directed the jury on the question of due diligence. This is a conclusion from facts; a mere judgment to be formed; and not an inference from facts. The question of a surrender of an old outstanding sum, is an inference from facts, etc. to be determined by a jury,—that whether there was a surrender. But whether due diligence has been used, that is whether after an assignment of a bond a suit has been brought in time, is a matter of judgment to be formed on facts established. Some rule should be adopted; the court only is competent to form the rule. Due diligence is a conclusion from facts; a matter of opinion only. In Pennsylvania, on indorsement of notes, notice is a question of fact, but in England it is question of law, at least of law and fact. Notice depends upon various facts to be ascertained by jury, not so as to due diligence.

*H. M. Ridgely* for defendant in error. Question of notice on notes. In *Rumsey and Broom v. Lofland,* it was left to jury as a matter of fact, on assignment of bond, whether due diligence had been used. Due diligence was question of fact till 1786. Doug. 515, *Rapel v. Landstaff* decided in 1780, jury to decide what is reasonable notice. 1 Term 168, *Tindal v. Brown* decided May, 1786, that reasonable time is question of law or a mixed

question of law and fact, on account of the great mercantile transactions of England. The reason of that law does not apply here; bonds assigned not mercantile transaction. In England promissory notes become the currency. They circulate through and enter into every transaction; but bonds here assigned are very limited, depend on no general rule but on the particular circumstances.

In Pennsylvania notice on promissory notes is a fact left to the jury. 1 Dall. 256, reasonable notice question for jury; fact and not law. I Dall. 270, in case the question was left to jury, on promissory notes. 2 Dall. 158, notice left to jury. 2 Dall. 193, reasonable time of notice, to be left to jury. 2 Dall. 233, notice matter of fact. 4 Dall. 129, reasonable notice depends on verdict of a jury. 4 Dall. 165, notice matter of fact to be decided by a jury. 2 Johns.Cas. 337, cited in Johns.Dig. Sufficiency of notice question of [fact]. 8 Johns. 173, sufficiency [of] notice in bills of exchange and promissory notes, question of fact. This is not mercantile transaction, and is a question of fact more clearly to be left to the jury. If fact, no necessity for court to direct them.

No general rule can be laid down. Suppose bond assigned, judgment bond, and in a week's time assignor finding obligor to be becoming insolvent, and assignor goes and states the circumstances, and begs him to enter his judgment and issue execution. He does not and debt is lost. Now such should depend on the peculiar circumstances. A general rule will not apply.

*Mr. Hall.* This is not like case of promissory notes. They decided reasonable notice to be a question of fact to depend on circumstances. Here as to assigned bonds, notice not necessary. Rule may be settled. Courts are open, and only question whether he said in time. This, being suit, depends on this question whether party sued in time. A rule may be dispensed with by parties. In Doug. 515, the rule was well established. The cases of promissory notes, on notice, is at least mixed notice. The courts in Dallas give their opinion. ([NOTE.] They do, but then they give their opinion on the facts, by way of information to the jury, and not to decide the point, nor to lay down a rule or direction to bind the jury.)

This case was argued on the last day of the court before RIDGELY, CHANCELLOR, JOHNS, Chief Justice, and DAVIS and BAT· SON, Justices of the Supreme Court.

MR. CHIEF JUSTICE JOHNS delivered the opinion of the Court. He had looked into the record, and thought that the point had

not come properly before the Court of Common Pleas, and that therefore the judgment should not be reversed even if there were any misdirection of the court. He said that the court should have been expressly called on for their opinion, and required to charge the jury upon the subject; and then, if the court erred in their direction, it would be proper to review the case in this Court.

MR. JUSTICE BATSON concurred with him, and they were both for affirming the judgment.

MR. JUSTICE DAVIS seemed to think that due diligence was a question of law to be determined by the court; but he acquiesced in the affirmation of the judgment.

THE CHANCELLOR considered the question an important one, and that it ought to be deliberately decided; but as two of the members of the Court were for affirming the judgment below, he did not object, thinking that whenever an ultimate decision was made, the point should come before the Court in such a form that that should be the single sole matter for consideration.

Judgment affirmed.

---

[NOTE.] See the manuscript report, in my possession, of the case *Ann Keith and Andrew Nandain, Administrator of Thomas Keith v. James Snow,* tried in the Supreme Court in Kent before Read, C. J., and Clayton, J., April 3, 1798. Read said, "The Court consider themselves in duty bound to say this proceeding has not been with that due diligence as to make the assignor liable." And after going through the case he concluded, "We are therefore of opinion that the plaintiffs cannot recover in this action." The jury, however, found a verdict for the plaintiff. The verdict was set aside, and a new trial had October 19, 1799, before Johns, Chief Justice and Clayton, Justice of Supreme Court. In the charge the question of due diligence was left very much with jury. "Then, you," said the Chief Justice, "Are to consider whether there is any limited time for the assignor to sue; then, what is the limited time. A suit must be commenced to the first Court after the assignment etc. The Court apprehends due diligence was not used by suing as the first Court. General rule, but does not say there are no exceptions." etc., etc.